**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**INITIATION HOMES 7 LP,**

**Plaintiff,**

**v.**

**ROGELENE JONES,**

**Defendant.**

**CIVIL ACTION FILE**
**NO. 1:26-CV-04702-SDG-JEM**

**UNITED STATES MAGISTRATE JUDGE'S ORDER**
**AND FINAL REPORT AND RECOMMENDATION**

Pending before the Court is a pro se application to proceed *in forma pauperis* ("IFP"), (Doc. 1), and notice of removal, (Doc. 1-1), filed by Defendant. For the following reasons, the Court **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia for lack of subject matter jurisdiction. Defendant's IFP application, (Doc. 1), is **GRANTED** for remand purposes only.[1]

---

[1] The Court retains jurisdiction over matters involving filing fees and other costs even when the Court lacks jurisdiction over the underlying dispute. 28 U.S.C. § 1919. And under this Court's Local Rules, there is no filed "case" to remand until a fee waiver is granted or a filing fee is tendered. LR 3.2(B), NDGa ("Pleadings received by the clerk for filing with the filing fee not attached shall be marked 'received', but they shall not be filed. The clerk will notify counsel and/or the parties that the pleadings are being held and that they will not be filed until the filing fee is received or an order is issued allowing the pleadings to be filed *in forma pauperis*"). *See also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court").

## I. DISCUSSION

A defendant may remove a civil action filed in state court to the federal district court located in the district and division embracing that state court when the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also* 28 U.S.C. § 1446 (procedure for removal). A district court has original jurisdiction based either on a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. Additionally, in limited circumstances, a defendant may remove a case based on civil rights violations under 28 U.S.C. §§ 1343, 1357, and 1443; joinder of federal and state law claims under § 1441(c); and multiparty, multiforum jurisdiction under § 1441(e).

The removing party must establish the grounds for subject matter jurisdiction over the removed case. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). But a federal court is obligated to inquire into whether it has subject matter jurisdiction *sua sponte* whenever it may be lacking, and it should do so at the "earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410; *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises[.]"). "'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [then] the case shall be remanded' to the state court [] whence it came." *Univ. of S. Ala.*, 168 F.3d at 410 (quoting 28 U.S.C.

§ 1447(c)). This is so even when other motions are pending before the court. *Id.* at 411 (collecting cases in support of its holding that subject matter jurisdiction must be addressed before reaching the merits of any other issue). Federal courts are further directed to construe removal statutes strictly, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

Here, on or about July 29, 2026, Plaintiff filed a dispossessory action against Defendant in the Magistrate Court of Gwinnett County, Georgia for the property located at 3460 Kentwater Drive, Buford, Georgia 30519(the "premises"). (Doc. 1-1 at 2.) Defendant now seeks to remove that action on the basis that it violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, "and other relevant federal statutes," and on the basis that this Court has jurisdiction over the case based on federal question jurisdiction and citizenship diversity. (*Id.* at 3.) Given Defendant's pro se status, the Court will examine the alleged grounds, and other possible grounds, for jurisdiction.

**A. <u>Federal Question Jurisdiction</u>**

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction exists "'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (alteration in original) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). The removing party cannot create federal question jurisdiction based on "an anticipated or actual federal defense." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d

1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). Likewise, a removing party cannot create federal question jurisdiction based on "an actual or anticipated counterclaim." *Vaden*, 556 U.S. at 60. The removing party bears the burden of proving that a federal question exists. *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Here, there is no indication that Plaintiff's dispossessory action is based on anything more than a state law claim for possession of the premises. (Doc. 1-1 at 2); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.) (holding that a dispossessory action did not fall under federal jurisdiction because it was "exclusively a matter of state law"). Thus, the dispossessory action does not present a federal question. To the extent Defendant attempts to remove this case based on asserted defenses that the dispossessory action violated federal law, she cannot do so. *Acker*, 527 U.S. at 430-31; *Ervast*, 346 F.3d at 1012. Accordingly, § 1331 does not grant the Court original jurisdiction over this case, and the case is therefore not removable based on federal question jurisdiction.

**B. <u>Diversity Jurisdiction</u>**

Federal district courts also "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where complete diversity exists. 28 U.S.C. § 1332(a); *Univ. of S. Alabama*, 168 F.3d at 412. The amount-in-controversy requirement must be satisfied by the underlying action; a removing party cannot satisfy the requirement with any prospective defense or counterclaim. *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (Typically, courts look to the complaint to establish the amount in controversy.); *Williams*, 269 F.3d at 1319 (Removal from state court to federal court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.); *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), *aff'd*, 35 F. App'x 858 (11th Cir. 2002) (The amount in controversy cannot be measured by the value of the underlying land because a dispossessory proceeding is a dispute over possession rather than ownership.). Here, Plaintiff's dispossessory action does not satisfy the amount-in-controversy requirement because the damages alleged are well below $75,000. (Doc. 1-1 at 2) (showing that Plaintiff alleged damages in the amount of $3,079.00 for past due July rent, rent accruing up to the date of judgment or vacancy at a rate of $2,695 per month, $115 for late fees, utilities as incurred, and court costs and attorney fees).

For complete diversity to exist, no plaintiff can be a citizen of the same State as any defendant. *Univ. of S. Alabama*, 168 F.3d at 412 ("all plaintiffs must be diverse from all defendants"). Additionally, a defendant may not remove a case

from state to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, Plaintiff's dispossessory action does not satisfy the diversity-of-citizenship requirement because, notwithstanding that Defendant has not met her burden to affirmatively allege diversity,[2] *see King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007), Defendant states that she "is a citizen of Georgia," (Doc. 1-1 at 3), where Plaintiff brought the dispossessory action, (*id*. at 2).

Accordingly, § 1332 does not grant the Court original jurisdiction over this case, and the case is not removable based on diversity jurisdiction.

**C. <u>Civil Rights</u>**

**1. 28 U.S.C. §§ 1343 and 1357**

Section 1343 "serves as the jurisdictional basis for claims [of civil rights violations] under 42 U.S.C. §§ 1983 and 1985." *Prop. Servs. of Atlanta v. Thomas*, No. 1:19-cv-0030-AT, 2019 U.S. Dist. LEXIS 231382, at *7 (N.D. Ga. Jan. 7, 2019) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 615 (1979); *Ortega v. Schramm*, 922 F.2d 684, 688 (11th Cir. 1991)); 28 U.S.C. § 1343(a)(1)-(2). Section 1357 "provides the district courts with original jurisdiction of any action

---

[2] The petition contains a note to "verify: for diversity purposes" and "confirm" that none of Plaintiff's LP members are citizens of Georgia, but Defendant did not allege the citizenship of its members. (Doc. 1-1 at 3); *see Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (to sufficiently allege the citizenships of unincorporated business entities—limited liability companies and limited partnerships—a party must list the citizenships of all the members).

commenced by a person to recover damages for injury due to his [Congressionally authorized] efforts to protect or collect revenues or enforce the right of others to vote in a state." *Golden All. Mgmt., LLC v. McKinnis*, No. 1:13-CV-3529-RWS-LTW, 2014 U.S. Dist. LEXIS 205305, at *7 (N.D. Ga. Apr. 11, 2014) (citing 28 U.S.C. § 1357; *Aloupis v. United States*, 149 F. App'x 889, 891 (11th Cir. 2005)). Courts in this district have previously noted that § 1343 is "'a more specific subset of the [] federal question jurisdiction set out in [§] 1331.'" *Avelo Mortg., LLC v. Brissett*, No. 1:08-cv-2227, 2008 U.S. Dist. LEXIS 67002 at *2 (N.D. Ga. Aug. 18, 2008) (quoting *N.W. Healthcare, LP v. Sullivan*, 793 F. Supp. 724, 727 n.2 (W.D. Tex. 1992)); *Garden Terrace v. Maupins*, No. 1:15-cv-3876-WSD, 2016 U.S. Dist. LEXIS 33369, at *6 n.4 (N.D. Ga. Mar. 15, 2016). Thus, the "preclusion of jurisdiction under 28 U.S.C. § 1331 necessarily precludes jurisdiction under 28 U.S.C. § 1343[.]" *N.W. Healthcare, LP*, 793 F. Supp. at 727. Likewise, because a claim brought under § 1357 is a claim arising under federal law, the Court concludes that preclusion of jurisdiction under § 1331 also necessarily precludes jurisdiction under § 1357. *C.f. Star Preston Hills, LLC v. Ayers*, No. 1:22-cv-05148-VMC, 2023 U.S. Dist. LEXIS 38403, at *3 (N.D. Ga. Jan. 4, 2023) (recommending remand of dispossessory action for lack of federal question jurisdiction where the defendants asserted jurisdiction under, *inter alia*, § 1357), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 38402 (Jan. 4, 2023). As previously explained, § 1331 does not grant the Court original jurisdiction over this case. Moreover, the underlying dispossessory action alleges no cause of action that would arise under §§ 1343 or 1357. (*See* Doc. 1-1 at 2.) And even if Defendant's

notice of removal contained such claims, neither would be sufficient to invoke jurisdiction. *See Vaden*, 556 U.S. at 60. Therefore, Defendant may not remove this matter under §§ 1343 or 1357.

**2. 28 U.S.C. § 1443**

28 U.S.C. § 1443 allows a defendant to remove a civil action or criminal prosecution pending in state court only under certain circumstances. To establish jurisdiction under § 1443, a removal petition must satisfy the two-prong test set out in *Georgia v. Rachel*, 384 U.S. 780, 788 (1966). *Provident Funding Assocs., LP v. Obande*, 414 F. App'x 236, 238 (11th Cir. 2011). First, the defendant must show that his civil right to racial equality has been violated. *Id.* (citing *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001)). The defendant, however, must invoke a civil rights law that specifically provides for racial equality; his "reliance on broad constitutional or statutory provisions does not support removal under § 1443 when those provisions 'are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands.'" *Id.* (citing *Rachel*, 384 U.S. at 792). *See Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017) (noting that 42 U.S.C. §§ 1971 and 1981 qualify as laws providing for equal civil rights stated in terms of racial equality within the meaning of § 1443) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, the defendant must show that "'he has been denied or cannot enforce that right in the state courts.'" *Provident*, 414 F. App'x at 238 (quoting *Conley*, 245 F.3d at 1295). To satisfy this requirement, the defendant "must show that the denial or inability to enforce the right is the result

of the state's constitution or laws," *Cent. Mortg. Co.*, 561 F. App'x at 829 (citing *Rachel*, 384 U.S. at 799), "or that 'the very act of bringing the state court proceedings will constitute a denial of the rights conferred by the federal statute[,]'" *id.* (quoting *Conley*, 245 F.3d at 1296). And there must be "a basis from which the federal court can make a 'firm prediction' that the defendant will be denied or cannot enforce his civil rights in state court." *Thomason*, 687 F. App'x at 878 (citing *Rachel*, 384 U.S. at 804). Ordinarily, denial of a defendant's equal civil rights resulting from the state's constitution or laws occurs when "a facially discriminatory state law authorizes the denial of the defendant's civil rights." *Id.* "In such circumstances, the federal removal court readily can predict that state courts applying the law will disregard the defendant's civil rights." *Id.* But even when the relevant state law is facially neutral, removal under § 1443 may occur if the defendant shows that "'the very act of bringing the state court proceedings will constitute a denial of the [equal civil] rights conferred by the federal statute.'"[3] *Id.* (citing *Conley*, 245 F.3d at 1296).

Here, nothing in Defendant's removal petition shows that the state court dispossessory action has resulted in a violation of her civil right to racial

---

[3] This occurred in *Rachel*, in which the defendants "faced state-court prosecution for criminal trespass in Georgia after refusing to leave restaurants that would not serve black diners." *Id.* (citing *Rachel*, 384 U.S. at 782-83). Though the state criminal trespass statute was facially neutral, the federal Civil Rights Act of 1964 prohibited such prosecutions. *Id.* (citing *Rachel*, 384 U.S. at 804; *Hamm v. City of Rock Hill*, 379 U.S. 306, 311 (1964)). The federal removal court could therefore readily predict that the state's act of bringing the criminal trespass actions resulted in denial of the defendants' equal civil rights. *Id.*

equality. (*See* Doc. 1-1.) She also has not shown or asserted that the denial or inability to enforce her civil rights is the result of the state's constitution or laws, or that the very act of bringing the state court proceeding will constitute a denial of the rights conferred by the federal statute. (*See id.*) Defendant therefore has not satisfied either prong of the *Rachel* test. Accordingly, this case is not removable under § 1443.

**D. <u>Joinder of Federal Law Claims and State Law Claims</u>**

For an action to be removable under § 1441(c), it must include a claim arising under federal law. 28 U.S.C. § 1441(c)(1)(A). As previously explained, Plaintiff's claim in the dispossessory action does not arise under federal law. Therefore, Defendant cannot remove this action under § 1441(c).

**E. <u>Multiparty, Multiforum Jurisdiction</u>**

For an action to be removable under § 1441(e), the removing party must show that either "(A) the action could have been brought in a United States district court under section 1369 of this title; or (B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court[.]" 28 U.S.C. § 1441(e)(1)(A)-(B). Section 1369 provides federal district courts with original jurisdiction over "any civil action . . . that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location[.]" 28 U.S.C. § 1369(a). Here, nothing in Defendant's removal petition shows that the state court dispossessory action is also an action involving an accident where at least 75 natural persons

died or that she is a party to any such action. (*See* Doc. 1-1.) Therefore, Defendant cannot remove this action under § 1441(e).

**F. Actions against Foreign States**

Section 1441(d) provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(d). Defendant is in no way a "foreign state" within the meaning of § 1603(a). *See* 28 U.S.C. § 1603(a). Therefore, Defendant cannot remove this action under § 1441(d).

**G. Supplemental Jurisdiction**

Under § 1367, "in any civil action of which the district courts have *original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a) (emphasis added). As previously explained, this Court does not have original jurisdiction over the state dispossessory action, rendering the question of exercising supplemental jurisdiction moot. Even if Defendant had attempted to bring this state dispossessory action into federal court by filing a separate lawsuit over which the Court did have original jurisdiction, this Court would nevertheless decline to exercise supplemental jurisdiction over the dispossessory action. *See, e.g., Bermudez v. United States Bank Nat'l Ass'n*, No. 1:18-cv-05018-SCJ-AJB, 2019 U.S. Dist. LEXIS 183630, at *14-15 (N.D. Ga. June 23, 2019) (declining to exercise supplemental jurisdiction over dispossessory action where homeowner

filed a separate federal court complaint seeking declaratory relief on claims related to same property).

## II. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia for lack of subject matter jurisdiction. Defendant's IFP application, (Doc. 1), is **GRANTED** for remand purposes only. The Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned Magistrate Judge.

**SO RECOMMENDED, ORDERED, and DIRECTED** August 24, 2026.

J. Elizabeth McBath

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE